UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEISHA WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>ASERRADEROS ARAUCO, SA, et al.,<br><br>    Defendants. | Case No. 12-cv-04912-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS THIRD AMENDED COMPLAINT AGAINST SSA MARINE WITH LEAVE TO AMEND; AUTHORIZING LIMITED DISCOVERY**<br><br>Re: Dkt. No. 52 |

## INTRODUCTION

Plaintiff Keisha Williams, a longshoreman, sustained injuries while transporting lumber that she alleges was negligently packed by defendants Aserraderos Arauco, San Vicente Terminal Internacional ("SVTI"), and SSA Marine, Inc. She first named SSA Marine as a defendant more than three years after her injury, which is beyond the longest potentially applicable statute of limitations. Williams's claims against SSA Marine do not relate back because Williams has pleaded no facts from which I can conclude that SSA Marine had reason to think that it would have been named as a defendant but for a mistake by her. Williams's claims against SSA Marine are not equitably tolled because she has pleaded no facts from which I can conclude that her failure to name SSA Marine as a defendant before the statute of limitations expired was reasonable. Accordingly, I GRANT SSA Marine's motion and DISMISS the third amended complaint ("TAC").

Because of SSA Marine's failure to make initial disclosures and participate in discovery, however, I cannot conclude at this juncture that Williams's complaint should be dismissed with prejudice, even though the trial date is fast approaching. At oral argument on April 29, 2015, I

ordered that SSA Marine provide initial disclosures. I will also allow limited discovery to determine what SSA Marine knew or should have known about its lack of involvement as a defendant in this matter, as discussed below. Williams is granted LEAVE TO FILE AN AMENDED COMPLAINT incorporating facts from the initial disclosures, if appropriate, by June 24, 2015.

## BACKGROUND[1]

Williams worked as a longshoreman unloading goods from vessels. Third Amended Complaint ("TAC") ¶ 5 [Dkt. No. 51]. On May 31, 2011, she was transporting a container filled with lumber in a tractor. *Id.* While turning into an aisle, the tractor flipped over, injuring her. *Id.* She asserts that defendant Arauco, a company incorporated in Chile, was the "owner and/or shipper" of the container and that it "negligently, carelessly and improperly packed [the] container." *Id.* ¶¶ 3, 7. Williams alleges that defendant SVTI is a terminal and stevedoring facility[2] in Chile which is owned or operated by defendant SSA Marine and that SVTI and SSA Marine are alter egos of one another. *Id.* ¶¶ 4(i), 12. She contends that SVTI negligently packed the container. *Id.* ¶¶ 4(i), 11-12.

Williams filed her initial complaint in September 2012, naming Arauco and Horizon Lines, LLC, as defendants. Compl. ¶¶ 5-12 [Dkt. No. 1].[3] On December 6, 2012, Williams's counsel received an email from an Arauco's attorney, stating:[4]

> As I emailed you earlier this week, another company (San Vincenta [sic] Terminal Internacional, or SVTI) loaded the cargo in the container that allegedly is the subject of Ms. Williams's injury. It is

---

[1] At this stage, I assume the truth of Williams's allegations.

[2] Stevedoring is the loading and unloading of a vessel.

[3] Williams initially alleged that Horizon Lines owned or operated the ship carrying the container at issue and negligently transported it, but voluntarily dismissed Horizon Lines the following month. Compl. ¶¶ 5, 10; Dkt. No. 4. She then filed the first amended complaint, alleging that new defendant Rederei Hamburger Lloyd owned or operated the ship and negligently transported the container, but voluntarily dismissed it on November 13, 2013. FAC ¶¶ 4, 10 [Dkt. No. 5]; Dkt. No. 19.

[4] The December 6, 2012 email was apparently from Arauco USA, which is a separate entity from the Chilean Arauco entity that is named as a defendant. I refer to both entities as Arauco in this order because the presence of two separate Arauco entities does not impact my analysis.

> SVTI's standard practice to weigh the cargo before loading (SVTI gets paid based on weight), and the cargo here weighed 19,820 kg, well within the container limit of 28,660 kg (which is stenciled on the container in the pictures you provided).
>
> As part of its standard practice, SVTI also takes pictures of the loaded cargo and prepares a diagram of the cargo layout in the container. I have attached the pictures and the diagram and the container consist. These all show a balanced and secure layout. It would appear that neither Arauco nor SVTI has any responsibility in this unfortunate accident, and the fault lies with the cargo ship or elsewhere.
>
> Please let me know what else you might need to evaluate your case. Otherwise, dismissal of Arauco appears in order.[5]

Dkt. No. 52-1.

Williams alleges that Arauco advised her on August 18, 2014 that a third party, not Arauco, was responsible for packing the container at issue, and that Arauco would not interplead that third party. TAC ¶ 4(h).[6] She alleges that she then "found the name of the third party, SVTI/SSA." *Id*. She filed her second amended complaint on November 4, 2014, in which she named SVTI and SSA Marine as defendants for the first time. Dkt. No. 35. SVTI has not appeared in this action. The Clerk of the Court issued a summons for SVTI on November 7, 2014, but it is not clear whether the summons was served on SVTI. Dkt. No. 36.

On February 10, 2015, I dismissed the second amended complaint with leave to amend because the statute of limitations had run and Williams's claim against SSA Marine neither related back nor triggered equitable tolling. Dkt. No. 50. She filed her third amended complaint on March 2, 2015. Dkt. No. 51. SSA Marine moves to dismiss the third amended complaint on the grounds that her claim is barred by the applicable statutes of limitation. Dkt. No. 52.

---

[5] Williams refers to this email in her complaint and both parties request that I take judicial notice of it. *See* TAC ¶ 4(a); Dkt. No. 52 at 12 ¶ 2; Dkt. No. 54-1 ¶ 6. Since the third amended complaint relies on the email and no party disputes it, I will consider it without treating the motion to dismiss as a motion for summary judgment. *See Lee v. City of Los Angeles*, 250 F.3d 668, (9th Cir. 2001) (documents not physically attached to complaint "may be considered if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them.")

[6] The third amended complaint has two different paragraphs numbered 4(h). This citation refers to the second paragraph 4(h), on page 6.

3

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), the court must dismiss a complaint if it fails to state a claim upon which relief can be granted. A complaint fails to state a claim "when the running of the statute [of limitation] is apparent on the face of the complaint." *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2009). If the statute of limitation appears to have run, the plaintiff bears the burden of alleging facts which would give rise to tolling. *See Hinton v. Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993). If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless the court determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

**DISCUSSION**

SSA Marine argues that the claim against it is barred under either California's two-year statute of limitations for negligence, Cal. Civ. Proc. Code § 335.1, or under the three-year statute of limitations under general maritime law, 46 U.S.C. § 30106, because it was not named as a defendant until more than three years after the accident. Williams does not dispute that she filed her claim against SSA Marine after the applicable statutes of limitations had run, but contends that her claim against SSA Marine is not time-barred because it relates back to the filing of her original complaint and because the claim was tolled under the doctrine of equitable tolling.

**I.   WILLIAMS HAS NOT ESTABLISHED THAT HER CLAIM AGAINST SSA MARINE RELATES BACK UNDER FEDERAL RULE 15(c)**

Under Federal Rule of Civil Procedure 15(c)(1), claims against a new defendant in an amended complaint relate back to an earlier complaint if the claims asserted in the amended pleading arise out of the same facts upon which the first complaint was based and, within 120 days after the complaint was filed, the new defendant (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity. Fed. R. Civ. P. 15(c)(1).

Williams's original complaint was filed on September 19, 2012. Dkt. No. 1. To satisfy

Rule 15, SSA Marine must have received notice of that complaint by January 17, 2013 (120 days from September 19, 2012) and known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Williams alleges that SSA Marine received constructive notice from SVTI based on the legal relationship between the two and that SVTI had received actual notice of the lawsuit by December 6, 2012, when Williams learned that Arauco's counsel had contacted SVTI to obtain the cargo loading plan or photos of the container at issue in the lawsuit. TAC ¶¶ 4(a), (i). December 6, 2012 is well within 120 days of January 17, 2013. Accordingly, Rule 15(c) is satisfied if Williams's notice-allegations are sufficiently pleaded and if SSA Marine knew or should have known that the action would have been brought against it, but for a mistake concerning its identity.

### A. Actual Notice to SVTI

Williams alleges that SVTI had actual notice of the original lawsuit by December 6, 2012, when Arauco's counsel forwarded SVTI's pictures and diagram of the cargo layout in the container at issue to Williams' counsel. TAC ¶ 4(a). SVTI apparently forwarded the material to Arauco at some earlier time. SSA Marine argues that this allegation is insufficient because Williams "does not allege that [her] counsel was told that the complaint or notice of action had been forwarded to SVTI, or even that SVTI was notified of any claim at all." Dkt. No. 52 at 9.

I disagree. While the complaint is hardly a model of clarity or precision, Williams has plausibly alleged that SVTI provided the pictures and diagram to Arauco after Arauco informed SVTI of the lawsuit. *See, e.g.,* TAC ¶¶ 4(a) ("Counsel for Aserraderos Arauco, USA Kevin Armbruster, apparently contacted SVTI, and obtained the cargo loading plan or diagram, the photos."), 4(g) ("At all relevant times Arauco USA's counsel was in contact with SVTI regarding the allegations of the negligent packing by the Shipper Aserraderos Arauco who hired a third party to pack its container."), 4(h)[7] ("At all relevant times, SVTI/SSA Marine, Inc. was on notice by

---

[7] The third amended complaint has two different paragraphs numbered 4(h). This citation refers to the second paragraph 4(h), on page 6.

Arauco USA of the complaint, the survey, the photos, the accident, the medical records and the claims."). Williams has therefore adequately pleaded that SVTI had actual notice of the complaint by December 6, 2012.

### B. Constructive notice to SSA Marine

Williams alleges that SSA Marine received constructive notice from SVTI based on a legal relationship between SSA Marine and SVTI. TAC ¶ 4(i). To establish constructive notice to an added party under Rule 15(c), the complaint must show that there exists a "sufficient community of interest" between the named and added parties "to justify imputing knowledge of the action from the former to the latter entity." *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (citing *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1401 (9th Cir. 1984)). Such a "community of interest" exists when "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." *Id*. at 1503 (citations omitted).

Williams alleges that SVTI is a terminal and stevedoring facility in Chile which is owned or operated by SSA Marine and that they are alter egos of one another. TAC ¶¶ 4(i), 12. She cites to SSA Marine's website, which states that "SSA Marine and our affiliates operate more cargo terminals than any other company in the world,"[8] and that one of those terminals is SVTI.[9] TAC ¶ 4(i).

SSA Marine argues that the allegations are insufficient because "[t]he fact that SVTI is identified as an SSA location does not show that SSA has an ownership interest in SVTI, or controls or supervises its operations." Dkt. No. 52 at 10. SSA Marine is correct that Williams has not *shown* that SSA Marine owns or controls SVTI, but she has plausibly alleged it, as noted above. Moreover, counsel for SSA Marine admitted at oral argument it had not provided Williams initial disclosures or any other discovery. Williams was therefore limited to public information to support her allegations regarding SSA Marine's relationship with SVTI. TAC ¶ 4(i). At the oral

---

[8] *See* http://www.ssamarine.com/company/index.html.

[9] *See* http://www.ssamarine.com/locations/chile/san_vicente.asp.

1 argument, I ordered the parties to exchange initial disclosures within one week. Those
2 disclosures, and the limited discovery that I am allowing on this topic, may enable Williams to
3 more fully allege that SSA Marine and SVTI "are so closely related in their business operations or
4 other activities that the institution of an action against one serves to provide notice of the litigation
5 to the other." *G.F. Co.*, 23 F.3d at 1503.

### C. Mistake of identity

The amended complaint against SSA Marine only relates back to the earlier complaint if SSA Marine or SVTI knew or should have known by January 17, 2013 (120 days from the original complaint) that the action would have been brought against them, but for a mistake concerning their identity.[10] Fed. R. Civ. P. 15(c)(1)(C)(ii); *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (question under Rule 15(c)(1)(C)(ii) is whether defendant "knew or should have known that it would have been named as a defendant but for an error"). However, a mistake in *liability*, as opposed to a mistake in identity, does not satisfy Rule 15(c). *See, e.g., In re Network Associates, Inc. II Sec. Litig.*, 2003 WL 24051280, at *8 (N.D. Cal. Mar. 25, 2003) ("Relation back is only allowed for a mistake in identity, not liability.") (citing *Louisiana–Pacific Corp. v. ASARCO, Inc.,* 5 F.3d 431, 434 (9th Cir. 1993)).

The mere fact that Williams knew about SVTI but elected not to sue it does not preclude a finding of mistake under Rule 15. As the Supreme Court explained:

> A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties. The only question under Rule 15(c)(1)(C)(ii), then, is whether party A knew or should have known that, absent some mistake, the action would have been brought against him.

*Krupski*, 560 U.S. at 549.

---

[10] Because Williams alleges that SSA Marine received constructive notice of the lawsuit through SVTI's actual knowledge, I consider whether either SSA Marine or SVTI knew or should have known that they would have been named as defendants but for a mistake.

7

Williams has not satisfied Rule 15(c) because she has pleaded no facts from which I can reasonably conclude that SVTI knew that it would have been named as a defendant absent a mistake in identity by Williams. On the contrary, SVTI knew that Williams was aware, by December 2012 (six months before the expiration of California's two-year statute of limitations for negligence), that SVTI loaded the container at issue, yet decided *not* to sue SVTI. Given this information in Williams's possession, SVTI seemingly had no reason to think that it would be a defendant but for a mistake. *See Krupski*, 560 U.S. at 548 (information in plaintiff's possession "is relevant only if it bears on [defendant's] understanding of whether [plaintiff] made a mistake regarding the proper party's identity"); *see also id*. at 549 ("making a deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties is the antithesis of making a mistake concerning the proper party's identity").

However, the Supreme Court has instructed that "Rule 15(c)(1)(C)(ii) asks what the prospective *defendant* knew or should have known during the Rule 4(m) period, not what the *plaintiff* knew or should have known at the time of filing her original complaint." *Id*. at 548 (emphases in original). Accordingly, Rule 15 may be satisfied, regardless of what Williams knew or should have known at the time, if SSA Marine knew that it would have been named as a defendant but for a mistake in identity by Williams. I will allow limited discovery into this issue. That discovery, along with the initial disclosures, may reveal facts from which Williams can plausibly allege that SSA Marine knew that it would have been named as defendant but for a mistake in identity by Williams. In addition, at oral argument, counsel for Williams argued that SVTI's precise role was not clear in 2012, i.e., whether it was a port or a stevedoring company or some other entity. Those allegations, if more developed in an amended complaint, may also support relation back.

## II. WILLIAMS HAS NOT PLEADED FACTS GIVING RISE TO EQUITABLE TOLLING

Equitable tolling is "a judicially created, nonstatutory doctrine" that will "suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *McDonald v. Antelope Valley Cmty. Coll. Dist*., 45 Cal. 4th 88, 99 (2008) (quotations omitted). It

requires: timely notice, lack of prejudice to the defendant, and reasonable and good faith conduct on the part of the plaintiff. *Id.* at 102 (quotations omitted). "Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time." *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999).

Williams is not entitled to equitable tolling because, for the reasons discussed throughout this opinion, she has not pleaded facts from which I can conclude that her failure to name SVTI as a defendant within the statute of limitations was the result of reasonable conduct on her part. The mere fact that "she had been told [by] the counsel for Arauco USA that SVTI was not responsible," Dkt. No. 54 at 4, did not excuse, nor prevent, her from investigating SVTI's liability and, if appropriate, naming it as a defendant.

However, the initial disclosures and limited discovery may reveal facts indicating that "fundamental practicality and fairness" warrant equitably tolling Williams's claims. For example, actual notice of the lawsuit to SVTI or SSA Marine may suggest that Williams's conduct was reasonable, in light of the circumstances. Accordingly, Williams is granted leave to file an amended complaint incorporating material from the initial disclosures and other allegations bearing on the reasonableness of her conduct.

## CONCLUSION

SSA Marine's motion to dismiss is GRANTED and Williams's third amended complaint against SSA Marine is DISMISSED WITH LEAVE TO AMEND. If Williams wishes to pursue claims against SSA Marine, no later than May 18, 2015, she may serve discovery on SSA Marine related to the equitable tolling and relation back issues discussed in this order as if SSA Marine remains a party in this lawsuit. SSA Marine shall respond to the discovery by June 8, 2015. Any amended complaint must be filed by June 24, 2015.

**IT IS SO ORDERED**.

Dated: May 12, 2015



WILLIAM H. ORRICK
United States District Judge

9